UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-16-KSF

In re: JANUARY 4, 2008 SUBPOENA TO DR. GREGORY W. KASTEN
(Related to 4:07-cv-00344-JAJ-TJS, S.D. Iowa)

JOSEPH RUPPERT, as Trustee of and on
behalf of Fairmount Park, Inc. Retirement
Savings Plan, *et al*.                                                                                    PLAINTIFF

v.                                          **OPINION & ORDER**

PRINCIPAL LIFE INSURANCE COMPANY                                        DEFENDANT

\* \* \* \* \* \* \* \*

  Currently before the Court is the motion of Dr. Gregory Kasten and Unified Trust Company, N.A. ("Unified Trust") for attorneys' fees incurred as a result of a successful effort to quash a January 4, 2008 subpoena served on Dr. Kasten seeking Unified Trust's confidential commercial information and corporate trade secrets. [DE # 14] On February 11, 2008, this Court entered its Order quashing the portion of the subpoena related to Uniform Trust's documents and directed Kasten and Unified Trust to file a motion for attorneys' fees [DE # 13], which they filed on March 7, 2008.  The defendant in the underlying case, Principal Life Insurance Company ("Principal"), has filed its response opposing the motion for attorneys' fees.  This matter is now ripe for review.

  In support of their motion for attorneys' fees, counsel for Kasten and Unified Trust, Klint Bruno of Chicago, Illinois, states that he spend a total of 51.3 hours working on the motion to quash.

1

At an hourly rate of $450 per hour, he seeks $23,085.00 for legal services. Because Mr. Bruno is not licensed in Kentucky or admitted to this Court, he associated with E. Douglas Stephan of the law firm Sturgill, Turner, Barker & Moloney, PLLC. Mr. Stephan states that he spent 11.8 hours working on this matter. At his hourly rate of $225, he seeks $2,655.00 for legal services. Counsel also incurred filing fees of $415.00. As a result, the total amount sought for attorneys' fees and costs by Kasten and Unified Trust comes to $26,155.00. Under Rule 45(c)(1) of the Federal Rules of Civil Procedure, only "reasonable" fees may be awarded.

Principal, the defendant in the underlying litigation who issued the subpoena partially quashed by this Court, has responded to the motion, requesting that the Court exercise its discretion to deny the motion, or in the alternative, to award significantly less than the amount requested. [DE # 16] For the reasons set forth in the Order of February 11, 2008, however, the Court will award reasonable attorneys' fees to Kasten and Unified Trust.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *U.S. ex rel. Taxpayers Against Fraud v. General Elec. Co.*, 41 F.3d 1032, 1048 (6th Cir. 1994). The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. *Hensley*, 461 U.S. at 433. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id*. at 437.

Under this framework, then, the first issue for the Court is whether the $450 hourly rate charged by Mr. Bruno and the $250 hourly rate charged by Mr. Stephan are reasonable. Interestingly, Kasten and Unified Trust have not attacked the hourly rates requested. Nevertheless,

Rule 45(c)(1) requires that the Court only award a "reasonable" fee, and in the opinion of the Court, Mr. Bruno and Mr. Stephan's hourly rates are unreasonable under the circumstances. Attorneys' fees are to be based on the market rates for the services rendered. *Haddix v. Johnson*, 63 F.3d 532, 536 (6th Cir. 1995). A reasonable rate is one which will attract qualified and competent counsel but will not produce a windfall to the attorneys. *Northcross v. Board of Ed. of Memphis Schools*, 611 F.2d 624, 638 (6th Cir. 1979). Specifically, the court should look to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

According to the Sixth Circuit, "when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit . . . the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction; thus, the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. . . ." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2004). This Court's jurisdiction is the Eastern District of Kentucky. Accordingly, the rates in the Eastern District as a whole should be considered instead of the prevailing rates in Chicago, Illinois, where Mr. Bruno's practice is located. Mr. Bruno and Mr. Stephan have not submitted any evidence or argument, other than their bare affidavits, which support their requests for hourly rates of $450 and $250 respectively. Additionally, this matter was not unusually complicated, and certainly did not require any expertise outside of general litigation experience. As set out in the recent opinion by United States District Judge David L. Bunning in *Elliott v. Metropolitan Life Ins. Co.*, 2007 WL 4192001 (E.D.Ky. November 13, 2007), an appropriate range for the hourly rates in a case such as this is $150 to $250. Because neither attorney has set forth any evidence justifying an hourly rate at the high end of the scale, the Court will award

attorneys' fees at the rate of $200 per hour for both Mr. Bruno and Mr. Stephan.

The next issue for the Court is whether 51.3 hours of work by Mr. Bruno and 11.8 hours of work by Mr. Stephan in connection with this matter are reasonable. When considering a reasonable number of hours, a court may subtract "hours which were duplicative, unproductive, excessive, or otherwise unnecessary." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 16 (1st Cir. 1988). In reviewing the billing records submitted by Mr. Bruno and Mr. Stephan, Kasten and Unified Trust contend that certain entries seem excessive. For instance, Mr. Bruno spent 3 hours on January 28, 2008 reviewing a nine page response to his motion. They also point out that other time entries are incomplete, specifically 12/7/07, 12/28/07, 1/3/08, 1/10/08, 1/11/08, 1/13/08, 1/14/08, and 2/1/08 and thus do not satisfy the required burden imposed on those seeking attorneys' fees to document work performed. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007)(holding that to justify an award of attorneys' fees, "the party seeking compensation bears the burden of documenting its work"). Mr. Bruno and Mr. Stephan have not filed any reply to this response or made any effort to clarify the alleged confusion.

Based on the Court's review of this matter, the amount of hours claimed is indeed excessive. This matter involved a four page motion to quash the subpoena, a thirteen page memorandum, a three page affidavit, a two page declaration, a one page proposed order, and a seven page reply. [DE #1, 12] Mr. Stephan filed, on behalf of Mr. Bruno, a motion to appear pro hac vice, accompanied by a two page affidavit of Mr. Bruno. [DE #2] Because the burden lies on the party seeking an award of fees, and Mr. Bruno and Mr. Stephan have failed to adequately support the number of hours requested, the Court will reduce the number of hours claimed by both attorneys by 25% to a combined 47.3 hours; thereby awarding Kasten and Unified Trust $9,460.00 in attorneys' fees (47.3

hours multiplied by $200) and $415.00 in costs.

Accordingly, for the foregoing reasons, and the Court being fully and sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

(1) the motion of Kasten and Unified Trust for attorneys' fees [DE # 14] is **GRANTED IN PART** insofar as the Court awards attorneys' fees and costs to Kasten and Unified Trust, and otherwise **DENIED** to the extent that Kasten and Unified Trust seek an award of $26,155.00;

(2) Kasten and Unified Trust are awarded attorneys' fees in the amount of $9,460.00 and costs in the amount of $415.00 for a total award of $9,875.00; and

(3) this matter is **STRICKEN** from the active docket.

This April 28, 2008.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**